### Ethel A. CLOUATRE

v.

### Thomas M. LOCKWOOD, In His Capacity as Administrator of the Baton Rouge Sheet Metal Worker's Health and Welfare Plan.

#### Civ. A. No. 84–322–B.

United States District Court, M.D. Louisiana.

Sept. 19, 1984.

June E. Denlinger, Moore & Walters, Baton Rouge, La., for plaintiff.

Kenneth L. Riche, Baton Rouge, La., for defendant.

POLOZOLA, District Judge.

This matter is before the Court on the following motions of the defendant, Thomas M. Lockwood: (1) motion to dismiss for lack of subject matter jurisdiction; (2) motion to dismiss for failure to state a claim upon which relief can be granted; (3) motion for summary judgment; and, (4) motion for attorney's fees pursuant to 29 U.S.C. § 1132(g).

The suit arises from the denial of medical benefits to the plaintiff, Mrs. Ethel A. Clouatre, by the Baton Rouge Sheet Metal Worker's Health and Welfare Plan (BRSMW). The BRSMW is a plan adopted pursuant to Employee Retirement Income Security Act (ERISA) and as such, is governed by 29 U.S.C. § 1001 et seq. Mrs. Clouatre has filed a suit in state court seeking judicial review of the denial of these benefits. The claim in this court alleges that the defendant, Thomas M. Lockwood, in his capacity as administrator of the BRSMW Health & Welfare Plan, failed to comply with 29 U.S.C. § 1133 because he failed to apprise Mrs. Clouatre of the specific reasons why her claim was denied. Plaintiff seeks penalties in the sum of $100.00 per day pursuant to 29 U.S.C. § 1132(c) for each day that this information is withheld.

Motion to Dismiss for Lack of Subject Matter Jurisdiction

In support of his motion to dismiss for lack of subject matter jurisdiction, the defendant contends that the matter is not yet within the jurisdiction of this court because the plaintiff has failed to exhaust available internal remedies provided for in Article XIII, § 13.10 of the BRSMW Health and Welfare Plan. The defendant asserts that the exhaustion of these remedies is a condition precedent to a civil action under both 29 U.S.C. § 1132 and 29 U.S.C. § 1133.

29 U.S.C. § 1132 provides that a civil action may be brought by a participant or beneficiary of the plan to redress violations of ERISA plans. It is silent, however, as to whether the exhaustion of remedies is a prerequisite to the initiation of such an action. Unless statutorily mandated, the application of the doctrine is committed to the discretion of the court. *Aleknagik Natives Ltd. v. Andrus*, 648 F.2d 496, 500 (9th Cir.1980).

Exhaustion of administrative remedies is appropriate where it is necessary to develop a full factual record or to take advantage of the agency's expertise. *Janowski v. International Brotherhood of Teamsters, Local 710 Pension Fund*, 673 F.2d 931 (7th Cir.1982), vacated on other grounds, —— U.S. ——, 103 S.Ct. 3565, 77 L.Ed.2d 1406 (1983). In the present case, neither of these reasons is present. Mrs. Clouatre is not requesting a review of the merits of her case and, therefore, there is no need for either an extensive factual record or agency expertise. The issue in this suit is a determination of whether the remedy for a violation of 29 U.S.C. § 1133 is the statutory penalty designated by 29 U.S.C. § 1132(c). This is a question of statutory interpretation, and as such, is uniquely within the province of the judiciary. *Janowski, supra*, 673 F.2d at 935. See, also: *McKart v. United States*, 395 U.S. 185, 197–199, 89 S.Ct. 1657, 1664–65, 23 L.Ed.2d 194 (1969) and *Frontier v. CAB*, 621 F.2d 369 (10th Cir.1980). Therefore, defendant's motion to dismiss for lack of subject matter jurisdiction must be denied.

Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted

Mrs. Clouatre alleges that the defendant violated 29 U.S.C. § 1133 because he failed to inform her of the specific reasons why her claim for medical benefits was denied, failed to specify the provisions of the Plan

that were used to deny her claim, and failed to inform her of supplemental evidence that could be submitted to obtain a reversal of the denial of the benefits. Section 1133 provides:

> In accordance with regulations of the Secretary, every employee benefit plan shall
>
> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 C.F.R. 2560.503–1(f), enacted to implement this section, provides:

> A plan administrator ... shall provide to every claimant who is denied a claim for benefits written notice setting forth in a manner calculated to be understood by the claimant:
>
> (1) The specific reason or reasons for the denial;
>
> (2) Specific reference to pertinent plan provisions on which the denial is based;
>
> (3) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and
>
> (4) Appropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review.

A civil action may be brought by a beneficiary of the plan to obtain appropriate equitable relief to redress violations of ERISA or to enforce any provisions of ERISA or the terms of the plan itself. 29 U.S.C. § 1132(a)(3). Plaintiff has alleged a set of facts, which if proven, would entitle her to relief. The relief to which she would be entitled is the "appropriate equitable relief" to redress the violations of ERISA or to enforce the provisions thereof. The relief which has been given thus far for violations of 29 U.S.C. § 1133 has been procedural. *Grossmuller v. International Union*, 715 F.2d 853 (3rd Cir.1983). *Wolfe v. J.C. Penney Co., Inc.*, 710 F.2d 388 (7th Cir.1983).[1] In essence, the relief which this court would grant if a violation of the Act were proven, is the relief which the plaintiff has already prayed for in the state district court, that is, a reevaluation of the denial of benefits upon being furnished the appropriate information to adequately seek a reversal of the denial. The only difference between this court's remedy and the state court's remedy is that in the former, the plan's administrators would reevaluate the claim and in the latter, the state court itself would reevaluate the claim.

In the instant case, however, the plaintiff does not seek the "appropriate equitable relief" under § 1132(a)(3) for the alleged violation of 29 U.S.C. § 1133. Instead, Mrs. Clouatre contends that she is bringing her claim under U.S.C. § 1132(a)(1) which permits a civil action by a beneficiary "for the relief provided for in subsection C of this section." Section 1132(c) provides, in pertinent part:

> Any administrator who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish a participant or beneficiary ... within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

The relief provided for in subsection (c), however, is to be awarded, in the court's discretion, only after an administrator has

---

1. In *Grossmuller,* the court found a violation of § 1133 and rendered injunctive relief prohibiting the termination of benefits was used until the plan, on remand, could determine, through correct procedure, that the plaintiff was no longer eligible for benefits. In *Wolfe,* the court remanded for a reevaluation of the claim upon finding a violation of § 1133.

failed to comply timely with a request for information that the administrator is required to furnish. In essence, two distinct elements must be alleged and proven to be entitled to the relief provided for in 1132(c): (1) the administrator must be required by this subchapter to furnish such information to the participant or the beneficiary; and (2) the administrator must fail or refuse to comply with a request for such information within 30 days after such request.

 The first requisite element has been alleged by the plaintiff. Plaintiff contends that the defendant has failed to furnish information that is required to be furnished by 29 U.S.C. § 1133. As to the second element, the plaintiff asserts two theories, in the alternative. Plaintiff contends that there need be no request for information under § 1133. This is essentially correct. However, as discussed previously, the plaintiff is not asking for the traditional relief for the alleged violation of § 1133; rather, she is asking for the penalty under § 1132(c). Under § 1132(c), there must be a request for the information. In *Meyer v. Phillip Morris, Inc.*, 575 F.Supp. 1232 (E.D.Mo.1983) an argument similar to the plaintiff's was addressed. In this case, the court noted that "§ 1024(b)(1) and (3) are 'automatic' duties of the administrator and that statutory damages under § 1132(c) would not be available in the absence of a written request." 575 F.Supp. at 1235. Since § 1133 sets forth an "automatic" duty to furnish certain information upon a denial of claimant's benefits, the failure to furnish this information would be a violation of § 1133. However, absent a request for this information, the failure to provide such does not invoke the penalties of § 1132(c). This requirement is in accord with the rule of statutory construction which mandates that penalty clauses are to be strictly construed. *Duke v. University of Texas at El Paso*, 663 F.2d 522 (5th Cir.1981).

 Plaintiff next asserts that if there is a necessity to make a request, then the request for benefits satisfies this element. This contention is without merit because a request for benefits does not necessarily invoke the administrator's duty to provide the information outlined in § 1133. It is only upon a denial of benefits that the administrator must furnish the information. The statutory mandate to provide the information upon a denial of benefits takes on the characteristic of the automatic duty as described previously. Therefore, the request for benefits does not satisfy the request element that is needed to state a claim upon which relief can be granted under 29 U.S.C. § 1132(c).

 In summary, Mrs. Clouatre has failed to state a claim upon which relief can be granted under 29 U.S.C. § 1132(c). Therefore, defendant's motion to dismiss plaintiff's for statutory penalties under § 1132(c) will be granted. Plaintiff has stated a claim upon which relief can be granted under 29 U.S.C. § 1133 and 1132(a)(3). However, since the relief that would be given plaintiff under this claim is the same as that prayed for in her pending state court action, her remaining claims are moot.

Motion for Summary Judgment.

Lockwood asserts that if the plaintiff is allowed to amend her complaint to allege that a request for the § 1133 information was made, then he is entitled to a summary judgment. In support of this motion, he argues that the first request for such information was the interrogatories propounded in the state court proceedings which he answered within the time allotted. Thus, defendant contends he is in compliance with the statute. Since the plaintiff has not amended her complaint to allege that there had been a request, and thereby expose the defendant to personal liability under 29 U.S.C. § 1132(c), the court does not see the necessity of ruling on this motion by determining if the answers to the interrogatories would have been sufficient to satisfy the § 1133 information requirements. Thus, defendant's motion for summary judgment will be denied without prejudice.

Motion for Attorney's Fees Pursuant to 29 U.S.C. § 1132(g)

29 U.S.C. § 1132(g) provides, in pertinent part, that "[i]n any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." In exercising this discretion to award attorney's fees, the district court must consider the following factors: (1) the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy the award of attorney's fees; (3) whether such an award would deter others from such behavior under similar conditions; (4) whether the party requesting the fees seeks to benefit all beneficiaries or participants of the ERISA plan or to settle a significant legal question in this area; and (5) the relative merits of the parties' positions. *Iron Workers Local No. 272 v. Bowen,* 624 F.2d 1255 (5th Cir.1980). These factors should be considered in their interaction with one another with no one factor being of dominant concern. *Iron Workers Local No. 272, supra,* 624 F.2d at 1266.

Defendant asserts that Mrs. Clouatre's bad faith in bringing this action in this court is demonstrated by the fact that a state court action is pending in this matter. Lockwood implies that the matter before this court could have been cumulated with that of the state court. However, in this particular case, the issues before the court are within the exclusive jurisdiction of the federal district courts. 29 U.S.C. § 1132(e)(1). As to the second factor, no information has been provided as to Mrs. Clouatre's ability to pay the opposing party's attorney's fees. An award of attorney's fees under the facts of this case would probably deter others from bringing such an action in similar circumstances because Mrs. Clouatre did seek to resolve a significant legal question with regard to ERISA—whether a violation of § 1133 automatically invoked the statutory penalties of § 1132(c). In considering the foregoing factors set forth in the *Iron Workers Local No. 272* case as applied to the particular circumstances of this case, there is no basis to award the defendant attorney's fees. Thus, defendant's motion for attorney's fees pursuant to 29 U.S.C. § 1132(g) must be denied.

Therefore:

IT IS ORDERED that the defendant Thomas M. Lockwood's motion to dismiss for lack of subject matter jurisdiction be, and it is hereby DENIED.

IT IS FURTHER ORDERED that the defendant's motion to dismiss for failure to state a claim upon which relief could be granted pursuant to 29 U.S.C. § 1132(c) be, and it is hereby GRANTED.

IT IS FURTHER ORDERED that defendant's motion to dismiss for failure to state a claim upon which relief could be granted under 29 U.S.C. § 1133 be, and it is hereby DENIED. However, IT IS FURTHER ORDERED that because plaintiff's pending state court action renders the remaining allegations in this suit moot, the plaintiff's suit involving claims under 29 U.S.C. § 1133 shall be dismissed without prejudice.

IT IS FURTHER ORDERED that defendant's motion for summary judgment be, and it is hereby DENIED without prejudice.

IT IS FURTHER ORDERED that the defendant's motion for attorney's fees pursuant to 29 U.S.C. § 1132(g) be, and it is hereby DENIED.